**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| BEAVOGUI PIERRE,[1] | : | |
| | : | Civil Action No. 10-1521 (JAP) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| FIELD OFFICER SCOTT A. WEBER, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner pro se
Beavogui Pierre
M.C.C.I.
1 Waterworks Road
Freehold, NJ  07728

**PISANO**, District Judge

Petitioner Beavogui Pierre, an alien detainee currently confined at Monmouth County Correctional Institution at Freehold, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[2] and an application for leave to

---

[1] Petitioner is also known as Pierre Beavogill.  See United States v. Beavogill, Criminal No. 07-1212 (S.D.N.Y.).  The Clerk of the Court will be ordered to amend the docket to reflect this alias.

[2] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

proceed in forma pauperis.  The respondents are Field Officer Scott A. Weber, Attorney General Eric Holder, Janet Napolitano, Field Office Director John Tsoukaris, and Warden William Fraser.

Based on Petitioner's affidavit of indigence, this Court will grant Petitioner leave to proceed in forma pauperis. Because it appears that it is premature, the Petition will be dismissed without prejudice.  See 28 U.S.C. § 2243.

I.   BACKGROUND

Petitioner asserts that he was taken into custody by immigration officials on June 9, 2008, and that he has been in immigration custody continuously since that date.  He further alleges that he was ordered removed on October 1, 2009, and he waived appeal on that date.  Petitioner attaches to the Petition a copy of the order of removal which reflects his waiver of appeal rights on October 1, 2009.

Petitioner alleges that his lengthy detention in lieu of removal is unconstitutional.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith

---

(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

2

> award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  <u>See Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989). <u>See also</u> 28 U.S.C. §§ 2243, 2255.

### III.  <u>ANALYSIS</u>

Post-removal-order detention is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.

3

>    (ii) If the removal order is judicially reviewed and if
>    a court orders a stay of the removal of the alien, the
>    date of the court's final order.
>    (iii) If the alien is detained or confined (except
>    under an immigration process), the date the alien is
>    released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

>    An order of removal made by the immigration judge at
>    the conclusion of proceedings under section 240 of the
>    Act shall become final:
>
>    (a)  Upon dismissal of an appeal by the Board of
>    Immigration Appeals;
>
>    (b)  Upon waiver of appeal by the respondent;
>
>    (c)  Upon expiration of the time allotted for an appeal
>    if the respondent does not file an appeal within that
>    time;[3]
>
>    (d)  If certified to the Board or Attorney General,
>    upon the date of the subsequent decision ordering
>    removal;
>
>    (e)  If an immigration judge issues an alternate order
>    of removal in connection with a grant of voluntary
>    departure, upon overstay of the voluntary departure
>    period, or upon the failure to post a required
>    voluntary departure bond within 5 business days.  If
>    the respondent has filed a timely appeal with the
>    Board, the order shall become final upon an order of
>    removal by the Board or the Attorney General, or upon
>    overstay of the voluntary departure period granted or
>    reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1.

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.  However, the Supreme Court has held that such post-removal-order detention is subject to a temporal

---

[3] The referenced appeal period is thirty days.  See 8 C.F.R. § 1003.28(b).

reasonableness standard.  Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable.  See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

The alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing.  Zadvydas, 533 U.S. at 699-701.  But see 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.")

Finally, to state a claim under Zadvydas, the six-month presumptively-reasonable removal period must have expired at the time the Petition is filed; a prematurely filed petition must be dismissed without prejudice to the filing of a new Petition once the removal period has expired.  See, e.g., Akinvale v. Ashcroft, 287 F.3d 1050, 1051 (11th cir. 2002); Fahim v. Ashcroft, 227

F.Supp.2d 1359, 1363 (N.D. ga. 2002); <u>Monpremier v. Chertoff</u>, 2007 WL 909575 (N.D. Fla. March 21, 2007).

Here, Petitioner's order of removal became final on October 1, 2009, when he waived his appeal rights.  Accordingly, his detention was presumptively reasonable, under <u>Zadvydas</u>, through April 1, 2010.  This Petition, dated March 15, 2010, and received by this Court on March 22, 2010, is premature and will, therefore, be dismissed.

In addition, Petitioner has failed to assert any facts suggesting that his removal is not reasonably foreseeable.  Instead, he bases his claim solely upon the passage of time.

Federal courts disagree as to the extent to which the passage of time can suffice to meet the alien's burden.  <u>Compare Fahim v. Ashcroft</u>, 227 F.Supp.2d 1359, 1365-68 (N.D. Ga. 2002) (mere passage of time insufficient to meet alien's burden of proof), <u>with</u> <u>Seretse-Khama v. Ashcroft</u>, 215 F.Supp.2d 37, 48-54 (D.D.C. 2002) (continued detention for over three years, coupled with eight-month delay since INS last contacted destination country, suffices to meet alien's burden); <u>Lema v. U.S. I.N.S.</u>, 214 F.Supp.2d 1116, 1118 (W.D. Wash 2002), <u>aff'd on other grounds</u>, 341 F.3d 853 (9th Cir. 2003) (where destination country's lack of response to request for travel documents is combined with INS inability to explain silence and absence of any indication that situation may change, continued detention would

be unreasonable but, where destination country's failure to respond suggests nothing more than "bureaucratic inertia," removal remains "foreseeable").[4]

In addition, in assessing whether an alien has made the required showing, it must be remembered that, while the Supreme Court in Zadvydas emphasized that the expiration of the six-month presumptively-reasonable period of detention did not mandate release, it also stated that, as the period of detention grows, "what counts as the 'reasonably foreseeable future' conversely shrinks." 533 U.S. at 701.

Here, the passage of less than six months' time, with no other facts suggesting a particular barrier to removal, fails to meet Petitioner's burden.

---

[4] See also Kacanic v. Elwood, 2002 WL 31520362 (E.D. Pa. 2002) (passage of one year, coupled with inaction of foreign embassy and INS admission that efforts to obtain travel documents have been "fruitless," suffices to meet alien's burden); Khan v. Fasano, 194 F.Supp.2d 1134, 1136-37 (S.D. Cal. 2001) (where alien has been in post-removal order custody for ten months, and meeting is scheduled with destination country to discuss request for travel documents, delay alone is not sufficient to meet alien's burden; however, alien granted leave to refile petition in six months' time if his removal has not then been effectuated); Okwilagwe v. INS, 2002 WL 356758 (N.D. Texas March 1, 2002) (passage of eleven months without action by destination country sufficient to meet alien's burden, even where destination country orally promised travel documents "in a few days," but failed to provide them over period of two months).

IV. <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed, without prejudice to Petitioner filing a new Petition should circumstances warrant.  An appropriate order follows.


<u>/s/ Joel A. Pisano</u>
Joel A. Pisano
United States District Judge

Dated:  April 14, 2010